STOVER *v.* THE STATE OF OHIO.

(Decided November 14, 1930.)

*Mr. Albert H. Straman* and *Mr. James J. Weadock,* for plaintiff in error.

*Messrs. Unverferth & Unverferth,* for defendant in error.

JUSTICE, P. J. Henry Stover, the plaintiff in error, was convicted in the court of common pleas of Putnam county of the crime of burglary, and sentenced to the Ohio State Reformatory for the period of not less than one year and not more than fifteen years.

The indictment, for the purposes of this proceeding in error, charges that on the 26th day of March, 1930, in the county of Putnam, in the night season, Stover unlawfully, maliciously, and forcibly broke and entered the frame poultry house of C. C. Salsburey, with intent to commit larceny therein.

No exceptions were taken to the indictment save the motion in arrest of judgment.

Two claims of error, meriting special notice, are presented: First, the overruling of the motion in arrest of judgment; second, verdict not sustained by sufficient evidence.

The first claim of error relates to the sufficiency of the indictment. That instrument is grounded on Section 12438, General Code, the pertinent provisions of which are:

"Whoever in the night season maliciously and forcibly breaks and enters * * * an uninhabited dwelling house, or a kitchen, smokehouse, shop, office, storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, watercraft, schoolhouse, church or meeting house, barn or stable, railroad car, car factory, station house, hall or other building, * * * with intent to steal property of any value, or with intent to commit a felony, shall be imprisoned * * *."

It is urged that, inasmuch as a frame poultry house is not mentioned in the enumerating clause of Section 12438, General Code, and that inasmuch as

a frame poultry house is not necessarily a building, within the meaning of said section, a charge of burglary will not lie, and hence the overruling of the motion in arrest of judgment constitutes reversible error. To this we cannot agree, for the reason that the word "house" clearly means a building, in the ordinary use of the word, and the words "or other building" clearly extend the crime of burglary to any building whatever. *Ford* v. *State,* 112 Ind., 373, 14 N. E., 241; 4 Words and Phrases, First Series, page 3351 *et seq.; State* v. *Johnson,* 64 Ohio St., 270, 60 N. E., 219. Furthermore, no objections, within the meaning of Section 13437-28, General Code, were filed to the indictment, and hence whatever defects either in form or in substance in the indictment, if any there are, are of no moment here, especially since it does not affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial. Sections 13437-7 and 13449-5, General Code.

Coming now to the second claimed error. The record, which we have carefully read, discloses a conflict in the evidence upon some of the material questions in issue, and well might different minds, in weighing it, come to different conclusions. In such a state of the record, the rule of law enounced in *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340, is controlling. This rule is:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony."

The sheriff of Putnam county, and his deputy,

testified that the accused told them that he and Ed. Wilson broke and entered the frame poultry house, stole the chickens, and hid them near the Hancock county line. The accused denied making such statements, but the chickens were found where the accused said he had left them. True, the accused offered evidence tending to establish an alibi, but it is by no means satisfactory, in that the accused could have burglariously broken and entered the frame poultry house and still have been in the city of Toledo at the time mentioned by his witnesses.

Applying the rule of law above stated to the foregoing evidentiary facts, and to other incriminating circumstances of record, which need not be mentioned, as they are well known to counsel and the parties, we are unanimously of the opinion that this claim of error is not well taken. In fact, as we see it, the verdict is abundantly supported by the degree of proof which the character of the case requires.

The other claims of error have been carefully considered by us. The trial court's rulings on the admission and rejection of evidence are free from prejudicial error; the ownership of the frame poultry house was properly laid in C. C. Salsburey, as he and his wife were using it to house their chickens, and each had actual possession of it; the trial court was not required to give the special requests before argument; the substance of said requests was given in the charge; and the charge, taken as a whole, is free from prejudicial error.

Upon the whole case, we are unanimously of the opinion that Stover had a fair trial.

Holding these views, it follows that the judgment of the court of common pleas should be affirmed.

*Judgment affirmed.*

CROW and GARLING, JJ., concurring. We concur in the judgment of affirmance herein, on the ground that the indictment is sufficient on its face, inasmuch as the subject of the burglary is named as a poultry house, and not a poultry coop; the word "house" being ordinarily understood to mean a building.

We are in accord with those portions of the foregoing opinion of Presiding Judge Justice, with reference to all matters except those having to do with the validity and applicability of the statutes curing defects in indictments, and providing for procedural steps subsequent to the finding of indictments; and as to those portions we make no expression, deeming it unnecessary to the decision of the case.